UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRISTAN MICHAEL HYDE,

    Plaintiff,

v.                                                          Case No. 3:22cv4904-LC-HTC

SHERIFF MICHAEL ADKINSON, JR.,
CAPTAIN JOHN MORING,
SERGEANT J. BROWN,
LEGAL ACCESS STAFF MAILROOM GABRIELLE CUTCHENS,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Tristan Hyde, proceeding *pro se*, initiated this action more than four months ago by filing a civil rights complaint purporting to bring claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review, the undersigned recommends the action be dismissed without prejudice for Plaintiff's failure to

follow orders of the Court, failure to prosecute, and failure to truthfully disclose his litigation history.

    I.    <u>FAILURE TO COMPLY OR TO PROSECUTE</u>

After being directed to do so, Plaintiff filed a motion to proceed *in forma pauperis* along with a motion to waive the initial partial filing fee. ECF Doc. 4. Plaintiff asked this Court to waive the partial filing fee because Plaintiff had just paid a partial filing fee of $27.60 in another case he had recently filed. ECF Doc. 4 at 3. The Court considered the request and determined it should be denied. As set forth in the Court's April 29, 2022 Order, a review of Plaintiff's inmate account statement showed he had average deposits of $304.33 over a 3-month period. ECF Doc. 5. Moreover, the inmate account statement showed a waiver was unwarranted where Plaintiff had spent funds for internet and phone services. *Id*. Thus, the Court ordered Plaintiff to pay a partial filing fee of $68.06. In that Order, the Court warned Plaintiff his failure to comply may result in a recommendation that this action be dismissed. *Id.*

Plaintiff did not comply with the Court's April 29 Order, resulting in the issuance of a show cause order. ECF Doc. 8. In response to the show cause order, Plaintiff requested an extension of time to pay the fee. ECF Doc. 9. In support of the request, Plaintiff represented he had been released from custody and since that release had "spent the entirety of his post release [funds] improving his infrastructure

and operations," for Hyde Commodities LLC. *Id.* Plaintiff, however, expected to "receive new revenues to satisfy the initial partial filing fee" by June 1. *Id.* Based on those representations, the Court gave Plaintiff until June 23, 2022, to pay the partial filing fee. ECF Doc. 10.

Despite that extension, however, Plaintiff did not pay the partial filing fee. Instead, he filed a second motion for extension and two motions seeking to have the Court reconsider the requirement that he pay the partial filing fee. ECF Doc. 12, 14, 16. As a basis for reconsideration, Plaintiff argued he had been arrested once again and spent $800.00 on a lawyer for that matter. ECF Doc. 14. Although the Court denied the motions to reconsider, the Court gave Plaintiff two extensions through August 4, 2022, to pay a partial filing fee that has been outstanding since April. ECF Docs. 15, 17. In the Court's last extension, the Court specifically told Plaintiff if he did not pay the partial filing fee, "the Court will recommend Plaintiff's complaint be dismissed without further notice." ECF Doc. 17. Despite this admonition, Plaintiff has not paid the partial filing fee. Thus, the undersigned recommends this action be dismissed. *See Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (finding no error in district court's dismissal of prisoner's action for failure to pay the partial

filing fee where court considered the decrease in prisoner's account and his failure to explain it).

Although under the Prison Litigation Reform Act a prisoner shall not be prohibited from bringing a civil action simply because he has no assets and no means by which to pay the initial partial filing fee, 28 U.S.C. § 1915(b)(4), that is not why Plaintiff's case is being dismissed. Instead, Plaintiff's case is being dismissed because he has chosen to spend available funds elsewhere instead of complying with the Court's orders. At no point in any of Plaintiff's submissions does Plaintiff even allege that he has sought to have the funds withdrawn from the institution or otherwise paid. Moreover, this Court has been more than lenient in the amount of time the Court has given Plaintiff to pay the partial filing fee. Dismissal under these circumstances is appropriate. *See e.g., Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint."). As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable orders." *Brown v. Blackwater River Corr. Facility,* 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders)

Case No. 3:22cv4904-LC-HTC

(citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1241 (11th Cir. 2009)).

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of

its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II. FAILURE TO DISCLOSE

Finally, this case should be dismissed on the alternative or additional ground that Plaintiff has failed to disclose his complete litigation history. Plaintiff submitted the instant complaint to prison mail officials on April 4, 2022. ECF Doc. 1 at 27. Just a month earlier, on March 9, 2022, also while he was at Walton County Jail, Plaintiff filed a 1983 action in the United States District Court for the Western District of Texas.[1] *See Hyde v. Tom S. Whitehead, Inc., et al.*, 1:22-cv-252-RP. In that case, Plaintiff sued several defendants, including the Washington County Sheriff's Department and Sheriff Hank. As to Washington County and Sherriff Hank, Plaintiff "challenge[d] his initial arrest in May 2015, his subsequent arrest in May 2015, and his 2015 extradiciton to Alabama." ECF Doc. 7, 1:22-cv-252-RP (Report and Recommendation of dismissal with prejudice for failing to state a claim). Plaintiff, however, did not disclose that case in his prior litigation history as he as required to do on this Court's complaint form. ECF Doc. 1 at 24.

---

[1] Plaintiff also filed a case in this district on May 6, 2022, after he was released from the Walton County Jail. *See Hyde v. Jeremie Vinklarek*, 3:22-cv-6058-MCR/HTC.

Case No. 3:22cv4904-LC-HTC

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with a Court order, and failure to disclose.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of August, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv4904-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.